[Cite as *State v. Davy*, 2025-Ohio-5750.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0052 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0203 |
| JOSHUA M. DAVY, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 22, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** NO APPEARANCE, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

{¶1} Appellant Joshua Davy ("Davy") entered The Community Bank in Frazeysburg on June 7, 2023, and cashed a bad check made out to him in the amount of $1,945.00.

{¶2} Davy attempted to cash another bad check on August 3, 2023, at the same bank. On this occasion, an employee of the bank recognized him as having previously passed a bad check. Davy responded by snatching the check from the clerk and running from the premises.

{¶3} As a result of Davy's actions, he was indicted in the Muskingum County Common Pleas Court on two counts of fifth degree felony forgery:

Count One: Forgery in violation of R.C. 2913.31(A)(3), 2913.31(C)(1)(b);

and

Count Three: Forgery in violation of R.C. 2913.31(A)(3), 2913.31(C)(1)(b).

{¶4} Davy pled guilty to both counts on February 24, 2025.

{¶5} The trial court sentenced Davy to a stated prison term of twelve (12) months on each of the counts on April 21, 2025. Said sentences were ordered to be served consecutively. *4/24/25 Entry*, p. 2.

{¶6} Attorney April F. Campbell, appellate counsel for Davy, filed an *Anders* brief and moved to withdraw on June 6, 2025, informing this Court that she had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal.

{¶7} Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal and further certified that she provided a copy of the Anders brief to Davy.

{¶8} This Court informed Davy in a Judgment Entry that the Court received notice he had been informed by his attorney that an Anders brief had been filed on his behalf, and that Davy had been supplied with a copy. In addition, the Judgment Entry granted Davy sixty days from the date of the Entry to file a pro se brief in support of his appeal. Davy has not filed a pro se brief.

**STANDARD OF REVIEW**

**{¶9}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth *in Anders v. California,* 386 U.S. 738 (1967). The U.S. Supreme Court found if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *Anders*, at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶10}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

### Proposed Potential Assignment of Error

**{¶11}** "I.  THE TRIAL COURT ERRED IN ACCEPTING DAVY'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

### ANALYSIS

**{¶12}** Criminal Rule 11 governs pleas and rights of defendants upon a plea. Crim.R. 11(C)(2) states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶13}  In the case at hand, during the change of plea hearing, the Court asked Davy a litany of questions. This Court has reviewed the questions addressed to Davy and his answers to the judge and finds that the trial court complied with Criminal Rule 11.

{¶14}  The trial court accepted Davy's pleas of guilty, deferred sentencing and ordered a presentence investigation. *2/25/25 Entry,* p. 2.

{¶15}  The trial court held a sentencing hearing on April 21, 2025, where Davy and his attorney both made allocution statements.

{¶16}  Through its Entry filed on April 24, 2025, the trial court stated, "The Court considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing

under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

{¶17}  The maximum penalty for the crime of Forgery is a stated prison term of 6, 7, 8, 9, 10, 11 or 12 months.

{¶18}  Davy was sentenced to consecutive twelve-month sentences on each count for an aggregate prison term of twenty-four months. *4/24/25 Entry*, p. 2.

{¶19}  Davy was sentenced within the statutory guidelines.

{¶20}  Based upon this Court's independent review of the record, we find that the trial court did not err in accepting Davy's plea. This Court also finds that Davy was sentenced within the statutory range. We find no arguable meritorious issue exists with respect to the trial court's acceptance of Davy's guilty pleas or the trial court's sentence imposed upon him.

## CONCLUSION

**{¶21}** After independently reviewing the record, we agree with Davy's counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*.

**{¶22}** Attorney April F. Campbell's motion to withdraw as counsel for Davy is hereby granted.

**{¶23}** For the reasons stated in this Opinion, the judgment of the Muskingum County Court of Common Pleas is Affirmed.

**{¶24}** Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.